**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES EVERETT SHELTON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LUMICO LIFE INSURANCE COMPANY, and ASSURANCE IQ, INC.,<br><br>  Defendants. | Civil Action File No. 7:19-cv-6494-NSR |

## ANSWER OF DEFENDANT LUMICO LIFE INSURANCE COMPANY

Defendant Lumico Life Insurance Company ("Lumico"), by and through counsel, hereby responds to Plaintiff James Everett Shelton's ("Plaintiff") class action complaint as follows:

### Nature of Action

1.      This case involves a telemarketing campaign by Assurance IQ, Inc. ("Assurance") and Lumico Life Insurance Company ("Lumico") to market their services in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

**RESPONSE:**  Paragraph 1 contains a characterization of the case and does not set forth an allegation to which a response is required.  To the extent a response is required, denied.

2.      In violation of the TCPA, Assurance initiated a pre-recorded telemarketing call to the Plaintiff as well as text messages sent using an automatic telephone dialing system ("ATDS"). The pre-recorded call was sent to promote Lumico goods and services.

**RESPONSE:**  The first sentence of Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, denied.  Lumico did not place the

purported call, and thus Lumico is without sufficient information to admit or deny the allegations contained in the remainder of Paragraph 2.  To the extent that a response is required, denied.

3.      The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse,* the Plaintiff brings this action on behalf of proposed nationwide classes of other persons who received illegal telemarketing calls from or on behalf of the Defendants.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph 3.  To the extent that a response is required to the allegations made in the first sentence in Paragraph 3, denied.  The allegations set forth in the second sentence of Paragraph 3 are based on Plaintiff's speculation and conjecture; Lumico denies that Plaintiff is entitled to bring this action on behalf of any such class, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

4.      A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**RESPONSE:**  The allegations in Paragraph 4 are legal conclusions to which no response is required.  To the extent a response is required, Lumico denies that Plaintiff is entitled to bring this action on behalf of any such class, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

**RESPONSE:**  Admitted.

2

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Defendants reside in this district. Defendant Lumico's principal place of business is in this district and defendant Assurance regularly conducts business in this district, having obtained a license to sell insurance in this district from the New York Department of Financial Services in September 2016.

**RESPONSE:**  Lumico admits that its principal place of business is in the State of New York.  Lumico is without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 6 regarding Defendant Assurance.  To the extent a response to the allegations regarding Assurance contained in the second sentence of Paragraph 6 is required, denied.  The remaining allegations in Paragraph 6 are denied.

## PARTIES

7.     Plaintiff James Everett Shelton is and at all times mentioned herein was, an individual who resides in Pennsylvania.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegation in Paragraph 7.  To the extent a response is required, denied.

8.     Defendant Lumico Life Insurance Company is a Missouri corporation with its principal place of business at 175 King Street, Armonk, NY 10504.

**RESPONSE:**  Admitted.

9.     Defendant Assurance IQ, Inc. is a Washington corporation with its principal place of business in Bellevue, Washington.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 9.  To the extent a response is required, denied.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

<u>**(TCPA), 47 U.S.C. § 227**</u>

<u>The TCPA Prohibits Automated and Prerecorded Telemarketing Calls</u>

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**RESPONSE:**  The allegations in Paragraph 10 contain legal conclusions and a partial quotation of a statute to which no response is required.  To the extent a response is required, denied.

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

**RESPONSE:**  The allegations in Paragraph 11 contain legal conclusions to which no response is required.  To the extent a response is required, denied.

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**RESPONSE:**  The allegations in Paragraph 12 contain legal conclusions to which no response is required.  To the extent a response is required, denied.

13.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 U 165 (2003).

**RESPONSE:**  The allegations in Paragraph 13 contain legal conclusions and a partial quotation from a FCC opinion to which no response is required.  To the extent a response is required, denied.

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**RESPONSE:**  The allegations in Paragraph 14 contain legal conclusions and a partial quotation from a FCC opinion to which no response is required.  To the extent a response is required, denied.

The TCPA Requires Telemarketers to Identify Themselves

15.     The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented certain internal. 47 C.F.R. 64.1200(d)(1)-(6).

**RESPONSE:**  The allegations in Paragraph 15 do not form a complete sentence, and therefore Lumico cannot provide a response.  To the extent a response is required, denied.

16.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the

name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. 64.1200(d)(4).

**RESPONSE:** The allegations in Paragraph 16 contain legal conclusions and a partial quotation of a federal regulation to which no response is required. To the extent a response is required, denied.

17.     These requirements apply to calls made to wireless telephone numbers. 47 C.F.R. 64.1200(e).

**RESPONSE:** The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent a response is required, denied.

The Growing Problem of Automated Telemarketing

18.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

**RESPONSE:** Paragraph 18 is irrelevant to the alleged conduct of Defendants, and does not set forth allegations to which a response is required. To the extent a response is required, denied.

19.     "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

**RESPONSE:**  Paragraph 19 is irrelevant to the alleged conduct of Defendants, and does not set forth allegations to which a response is required.  To the extent a response is required, denied.

20.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book andDNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

**RESPONSE:**  Paragraph 20 is irrelevant to the alleged conduct of Defendants, and does not set forth allegations to which a response is required.  To the extent a response is required, denied.

21.     *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging,* N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them,* Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

**RESPONSE:**  Paragraph 21 is irrelevant to the alleged conduct of Defendants, and does not set forth allegations to which a response is required.  To the extent a response is required, denied.

22.     Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019 (Sept. 12, 2018),

https://www.pmewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html

**RESPONSE:**  Paragraph 22 is irrelevant to the alleged conduct of Defendants, and does not set forth allegations to which a response is required.  To the extent a response is required, denied.

## FACTUAL ALLEGATIONS

23.     Lumico is an insurance company offering a series of insurance products including life insurance.

**RESPONSE:**  Lumico admits the allegations in Paragraph 23.

24.     To generate new customers, Lumico relies on telemarketing.

**RESPONSE:**  The term "telemarketing" as used in Paragraph 24 is ambiguous and undefined, and therefore subject to multiple meanings.  Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 24 and, on that basis, denies the allegations in Paragraph 24.

25.     Lumico's telemarketing is done directly and through reliance on third party vendor relationships, like the one it maintains with Assurance.

**RESPONSE:**  The term "telemarketing" as used in Paragraph 25 is ambiguous and undefined, and therefore subject to multiple meanings.  Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, on that basis, denies the remaining allegations in Paragraph 25.

26.     One of Defendants' strategies for telemarketing involves the use of automatic telephone dialing system to solicit business and having its vendors use the same.

**RESPONSE:**  The terms "telemarketing" and "automatic telephone dialing system" as used in Paragraph 26 are ambiguous and undefined, and therefore subject to multiple meanings.

Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 26 and, on that basis, denies the allegations in Paragraph 26.

27.     Coupled with this technology, Lumico and the vendors employ the use of pre-recorded messages, which require the consumer to affirmatively respond to an automated message before they can speak with a live person.

**RESPONSE:**  Lumico denies the allegations in Paragraph 27 as to Lumico.  Lumico is without knowledge as to the truth of Paragraph 27 as it relates to vendors and, on that basis, denies the allegations in Paragraph 27 as to the vendors.

28.     Assurance also uses automated text messages to promote their goods and services.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 28.  To the extent a response is required, denied.

29.     Defendants use these technologies because they allow Defendants to deliver thousands of telemarketing messages in a short period of time, but its sales representatives only talk to individuals who affirmatively respond.

**RESPONSE:**  Lumico denies the allegations in Paragraph 29.

30.     Through this method, Defendants shift the burden of wasted time to the consumers it calls with unsolicited messages.

**RESPONSE:**  Lumico denies the allegations in Paragraph 30.

## Calls to Mr. Shelton

31.     Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE:**  Admitted.

32.     The Plaintiff's telephone number, (484) 626-XXXX, is registered to a wireless, cellular telephone service.

**RESPONSE:** Lumico is without sufficient information to admit or deny the allegations in Paragraph 32. To the extent a response is required, denied.

33.     The Plaintiff's telephone number is his residential telephone number, and is listed on the National Do Not Call Registry.

**RESPONSE:** Lumico is without sufficient information to admit or deny the allegations in Paragraph 33. To the extent a response is required, denied.

34.     On May 11, 2019, the Plaintiff received a call from Defendants, which used a series of pre-recorded scripts to deliver a telemarketing message.

**RESPONSE:** Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 34. To the extent a response is required, denied.

35.     When Plaintiff answered the call, there was a lengthy pause and a click followed by silence before the first pre-recorded script was played.

**RESPONSE:** Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 35. To the extent a response is required, denied.

36.     The Caller ID number for the call was (484) 461-5277.

**RESPONSE:** Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 36. To the extent a response is required, denied.

37.     This Caller ID number was "spoofed," as that number is not in service.

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 37.  To the extent a response is required, denied.

38.     In other words, the Defendant manipulated the dialing system to use a Caller ID number that was local to the Plaintiff in hopes that he would answer.

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 38.  To the extent a response is required, denied.

39.     This is also consistent with the use of an ATDS, as it takes computerized dialing software to manipulate a Caller ID.

**RESPONSE:**  The term "ATDS" as used in Paragraph 39 is ambiguous and undefined, and therefore subject to multiple meanings.  Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 39 and, on that basis, denies the allegations in Paragraph 39.  The allegations in Paragraph 39 also contain legal conclusions to which no response is required.  To the extent a response is required, denied.

40.     These facts, as well as the scripted nature of the call, indicate that the calls were made with an ATDS as defined in 47 U.S.C. § 227(a)(1).

**RESPONSE:**  The allegations in Paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, denied.

41.     In addition, the use of a pre-recorded message itself is indicative that an ATDS was used, as it would be illogical to manually dial each call just to play a recorded message if a call recipient picks up.

**RESPONSE:**  Lumico denies the allegations in Paragraph 41.

42.     The prerecorded message was a generic message regarding insurance services.

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 42.  To the extent a response is required, denied.

43.     The pre-recorded message did not identify the party that was calling or the party on behalf the call was made, so to investigate the call, the Plaintiff "pressed one" and spoke with a live representative

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 43.  To the extent a response is required, denied.

44.     During the call, Plaintiff learned that the purpose of the call was to sell Lumico's insurance services.

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 44.  To the extent a response is required, denied.

45.     Confirming that fact, the Defendants sent the Plaintiff an e-mail regarding their insurance services.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 45.  To the extent a response is required, denied.

46.     The e-mail came from "no_reply@lumico.com".

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 46.  To the extent a response is required, denied.

47.     During the call, Plaintiff informed the caller that he did not want the services offered and he intended to proceed with an action for them calling his cell phone number without his consent.

**RESPONSE:**  Lumico did not place the purported call, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 47.  To the extent a response is required, denied.

48.     Despite this statement, Assurance sent Mr. Shelton automated text messages following the call.

**RESPONSE:**  Lumico did not send the purported text messages to Plaintiff, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 48.  To the extent a response is required, denied.

49.     Those text messages are below:



**RESPONSE:**  Lumico did not send the purported text messages to Plaintiff, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 49.  To the extent a response is required, denied.

50.     The text messages were sent with an "Short Code".

**RESPONSE:**  Lumico did not send the purported text messages to Plaintiff, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 50.  To the extent a response is required, denied.

51.     The Short Code for these texts were 719-53.

**RESPONSE:**  Lumico did not send the purported text messages to Plaintiff, and thus Lumico is without sufficient information to admit or deny the allegations in Paragraph 51.  To the extent a response is required, denied.

52.     The fact that a Short code was used to send the text message is evident that they were sent using an ATDS, as Shortcodes are reserved for automatically made text messages.

**RESPONSE:**  The term "ATDS" as used in Paragraph 52 is ambiguous and undefined, and therefore subject to multiple meanings.  Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 52 and, on that basis, denies the allegations in Paragraph 52.  Lumico is also without sufficient information to admit or deny the allegations in Paragraph 52.  To the extent a response is required, denied.

53.     Assurance's dialing system makes automated text messages calls using numbers that are stored in a database, called sequentially from a list and sent the same generic text message content.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 53.  To the extent a response is required, denied.

54.     The Defendants did not have the Plaintiff's prior express written consent to telemarket to his cell phone.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 54.  To the extent a response is required, denied.

54.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, their time was wasted with unsolicited communications, and their privacy was improperly invaded.

**RESPONSE:**  The allegations in Paragraph 55 contain legal conclusions to which no response is required.  To the extent a response is required, denied.

56.     Moreover, these calls injured the Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of the Plaintiff and the classes.

**RESPONSE:**  Lumico denies the allegations in Paragraph 56.

## LUMICO'S LIABILITY FOR ASSURANCE'S CONDUCT

57.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA,* CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 13) (1995).

**RESPONSE:**  The allegations in Paragraph 57 contain legal conclusions and a partial quotation of a FCC opinion to which no response is required.  To the extent a response is required, denied.

58.     In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

**RESPONSE:**  The allegations in Paragraph 58 contain legal conclusions and a partial quotation of a FCC opinion to which no response is required.  To the extent a response is required, denied.

59.     On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as Lumico may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling,* 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

**RESPONSE:**  The allegations in Paragraph 59 contain legal conclusions and a partial quotation of a FCC opinion to which no response is required.  To the extent a response is required, denied.

60.     The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on

the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 FCC Rcd at 6592 (¶ 46).

**RESPONSE:**  The allegations in Paragraph 60 contain legal conclusions and a partial quotation of a FCC opinion to which no response is required.  To the extent a response is required, denied.

61.     Lumico knowingly and actively accepted business that originated through the illegal telemarketing calls from Assurance.

**RESPONSE:**  Lumico denies the allegations in Paragraph 61.

62.     By hiring a company to make calls on its behalf, Lumico "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

**RESPONSE:**  The allegations in Paragraph 62 contain legal conclusions to which no response is required.  To the extent a response is required, denied.

63.     Moreover, Lumico maintained interim control over the actions of Assurance.

**RESPONSE:**  Lumico denies the allegations in Paragraph 63.

64.     For example, Lumico had absolute control over whether, and under what circumstances, it would accept a customer from Assurance.

**RESPONSE:**  The term "absolute control" as used in Paragraph 64 is ambiguous and undefined, and therefore subject to multiple meanings.  Without more, Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 64 and, on that basis, denies the allegations in Paragraph 64.

65.     Furthermore, Lumico could limit the types of insurance products Assurance could offer to customers, and did so when Lumico required Assurance to offer life insurance services to Mr. Shelton.

**RESPONSE:**  Lumico denies the allegations in Paragraph 65.

66.     Lumico also allowed Assurance access to its proprietary systems as Assurance was able to issue a quote to Mr. Shelton that was sent from a Lumico e-mail address, as explained above.

**RESPONSE:**  Lumico denies the allegations in Paragraph 66.

67.     Lumico has previously been involved in TCPA litigation because of Assurance's unlawful telemarketing activities.

**RESPONSE:**  Lumico admits that it was previously sued in a TCPA case, but that is irrelevant to establish the wrongdoing alleged by Plaintiff herein.  Lumico is without sufficient information to admit or deny the allegations in Paragraph 67 regarding Assurance IQ Inc.  To the extent a response is required to the allegations in Paragraph 67 regarding Assurance IQ Inc., denied.

68.     However, Lumico continued its relationship with Assurance.

**RESPONSE:**  Lumico admits the existence of a contractual relationship with Assurance IQ Inc.  Lumico denies the remaining allegations of Paragraph 68.

69.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden

of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id.at 6593 (¶ 46).

**RESPONSE:**  The allegations in Paragraph 69 contain legal conclusions and partial quotations of a FCC opinion to which no response is required.  To the extent a response is required, denied.

## CLASS ACTION ALLEGATIONS

70.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**RESPONSE:**  The allegation in Paragraph 70 is a statement to which no response is required.  To the extent a response is required, denied.

71.     Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Classes") pursuant to Federal Rule of Civil Procedure 23(b)(3).

**RESPONSE:**  Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Lumico denies the allegations in Paragraph 71, and denies specifically that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

72.     Plaintiff proposes the following three Class definitions, subject to amendment as appropriate:

> **Class One - Prerecorded Telemarketing Call Class**
> All persons within the United States to whom: (a) Defendants or a third party acting on their behalf made one or more prerecorded insurance telemarketing calls; (b) to a cellular or residential telephone number; (c) within the four years before the date of the filing of this Complaint.
>
> **Class Two - Automated Telemarketing Text Message Class**
> All persons within the United States to whom: (a) Defendants or a third party acting on their behalf sent one or more insurance telemarketing text messages; (b) to a

cellular telephone number; (c) using the same dialing system used to send the text messages to Plaintiff; (d) within the four years before the date of the filing of this Complaint.

**Class Three - Failure to Identify Class**
All natural persons within the United States to whom: (a) Assurance and/or a third party acting on their behalf, made two or more insurance telemarketing calls or text messages in a twelve-month period (b) to a cellular or residential telephone number; (c) that did not identify the name of the company that was calling, or the name of the company on behalf the call was made; (d) within the s four years before the date of the filing of this Complaint to trial.

**RESPONSE:**  Paragraph 72 merely proposes to define the classes that Plaintiff seeks to represent, and therefore no response is required.  To the extent a response is required, Lumico denies the allegations in Paragraph 72, denies that any such classes exist, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

73.     Excluded from the Classes are Defendants and any entities in which Defendants has a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

**RESPONSE:**  Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Lumico denies the allegations in Paragraph 73, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

74.     The classes defined above are identifiable through phone records and phone number databases and Defendant's internal records.

**RESPONSE:**  Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Lumico denies the allegations in Paragraph 74, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

75.     The potential class members number at least in the thousands, since automated

and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individuals a

day. Individual joinder of these persons is impracticable.

**RESPONSE:**  Paragraph 75 contains a characterization of the case and legal conclusions

to which no response is required, and further reflect nothing more than Plaintiff's speculation

and conjecture.  To the extent a response is required, Lumico denies the allegations in Paragraph

75, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies

that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

76.     Plaintiff is a member of the proposed Classes.

**RESPONSE:**  Paragraph 76 contains legal conclusions to which no response is required.

To the extent a response is required, Lumico denies the allegations in Paragraph 76, denies that

Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff

meets any of the requirements of Federal Rule of Civil Procedure 23.

77.     There are questions of law and fact common to Plaintiff and to the proposed

Classes, including but not limited to the following:

- Whether Defendants placed calls using a pre-recorded message;

- Whether Defendants placed calls using an ATDS;

- Whether Lumico is vicariously liable for telemarketing calls made on its behalf;

- Whether Defendants placed calls without obtaining the recipients' prior express written consent for the call;

- Whether the Plaintiff and the class members are entitled to statutory damages because of Defendants' actions;

- Whether the actions of the Defendants were knowing or willful.

**RESPONSE:**  Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Lumico denies the allegations in Paragraph 77 and each subparagraph therein, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

78.     Plaintiff's claims are typical of the claims of members of the Classes. Plaintiff's claims, like the claims of the Classes arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

**RESPONSE:**  Lumico denies the allegations in Paragraph 78.

79.     Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**RESPONSE:**  Lumico denies the allegations in Paragraph 79.

80.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

**RESPONSE:**  Lumico denies the allegations in Paragraph 80.

81.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.

**RESPONSE:**  The allegations set forth in Paragraph 81 reflect Plaintiff's opinion to which no response is required.  To the extent a response is required, Lumico denies the allegations in Paragraph 81.

82.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**RESPONSE:**  The allegations set forth in Paragraph 82 reflect Plaintiff's opinion to which no response is required.  To the extent a response is required, Lumico denies the allegations in Paragraph 82.

83.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**RESPONSE:**  Paragraph 83 reflects Plaintiff's opinion, to which no response is required. To the extent a response is required, Lumico denies the allegations in Paragraph 83, denies that Plaintiff is entitled to bring this action on behalf of any such classes, and denies that Plaintiff meets any of the requirements of Federal Rule of Civil Procedure 23.

84.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**RESPONSE:**  Lumico is without sufficient information to admit or deny the allegations in Paragraph 84.  To the extent a response is required, denied.

## CAUSES OF ACTION

## FIRST COUNT

**IDENTIFICATION VIOLATIONS (INCLUDING BUT NOT LIMITED TO KNOWING AND/OR WILLFUL VIOLATIONS) OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 AGAINST ASSURANCE**

85.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**RESPONSE:** The allegation in Paragraph 85 is a statement to which no response is required. To the extent a response is required, denied.

86.     The foregoing acts and omissions of Assurance constitute violations of the FCC's regulations implementing subsection 227(c) of the TCPA which prohibit anyone from making any call for telemarketing purposes to any residential or wireless telephone subscriber unless the caller has implemented the required minimum procedures for maintaining a list of persons who do not want to receive calls made by or on behalf of such person or entity. 47 C.F.R. 64.1200(d); 47 C.F.R. 64.1200(e)

**RESPONSE:** Lumico is without sufficient information to admit or deny the allegations in Paragraph 86. To the extent a response is required, denied.

87.     Defendants failed to identify themselves in the prerecorded messages and in the automated text message sent to the Plaintiff and the putative classes.

**RESPONSE:** Lumico did not place the purported call or send the purported text messages, and thus Lumico is without knowledge or information sufficient to form a belief as to the truth of Paragraph 87 and, on that basis, denies the allegations in Paragraph 87.

88.     The Defendant's violations were willful and/or knowing.

**RESPONSE:** Lumico denies the allegations in Paragraph 88.

## SECOND COUNT

**PRERECORDED OR ARTIFICIAL VOICE VIOLATIONS (INCLUDING BUT NOT LIMITED TO KNOWING AND/OR WILLFUL VIOLATIONS) OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 AGAINST BOTH DEFENDANTS**

89.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**RESPONSE:** The allegation in Paragraph 89 is a statement to which no response is required. To the extent a response is required, denied.

90.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the TCPA, concerning calls made through use of a "artificial or prerecorded voice," including but not limited to 47 U.S.C. §§ 227(b)(1)(A)(iii) & (b)(1)(B); 47 C.F.R. §§ 64.1200(a)(1)(iii) & 64.1200(a)(2) & 64.1200(a)(3)

**RESPONSE:**  Lumico denies the allegations in Paragraph 90.

91.     As a result of the Defendants' violations, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

**RESPONSE:**  Lumico denies the allegations in Paragraph 91.

92.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants from engaging in the use of pre-recorded messages or an automatic telephone dialing system.

**RESPONSE:**  Lumico denies the allegations in Paragraph 92.

## <u>THIRD COUNT</u>

### AUTOMATED CALL VIOLATIONS (INCLUDING BUT NOT LIMITED TO KNOWING AND/OR WILLFUL VIOLATIONS) OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 AGAINST BOTH DEFENDANTS

93.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**RESPONSE:**  The allegation in Paragraph 93 is a statement to which no response is required.  To the extent a response is required, denied.

94.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the TCPA, concerning calls made through an "automatic telephone dialing

25

ssytem" including but not limited to 47 U.S.C. §§ 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii) & 64.1200(a)(2).

**RESPONSE:**  Lumico denies the allegations in Paragraph 94.

95.     As a result of the Defendants' violations, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

**RESPONSE:**  Lumico denies the allegations in Paragraph 95.

96.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants from engaging in the use of pre-recorded messages or an automatic telephone dialing system.

**RESPONSE:**  Lumico denies the allegations in Paragraph 96.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the Defendants:

A.     Injunctive relief prohibiting Defendants from engaging in the use of pre-recorded messages or an automatic telephone dialing system, and from placing telemarketing calls without identifying themselves;

B.     As a result of Defendants' statutory violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every violation of the TCPA;

C.     As a result of Defendants' statutory violations of 47 U.S.C. § 227(c), Plaintiff seeks for themselves and each Class member $500 in statutory damages for each and every violation of the TCPA;

D.      As a result of the Defendants' willful and/or knowing violations of the TCPA, Plaintiff seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

E.      An award of attorneys' fees and costs to counsel for Plaintiff and the Classes as permitted by law;

F.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the Classes as the Court deems appropriate, finding that Plaintiff are a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

G.      Such other relief as the Court deems just and proper.

Lumico denies that Plaintiff is entitled to any of the relief he seeks in the "Prayer for Relief" clause and all of its subparts.

## **ADDITIONAL DEFENSES**

Lumico asserts the following affirmative defenses and/or additional defenses, which apply to claims brought by Plaintiff individually and/or to claims brought on behalf of putative class members.  Lumico reserves the right to amend this Answer and to add additional defenses as it becomes aware of additional information or as additional defenses become available.

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      The claims in the Complaint cannot be certified as a class action as they fail to meet the elements of Rule 23 of the Federal Rules of Civil Procedure.  Further, a class may not be certified under Rule 23(b)(1) or (b)(2) when money damages are sought, as they are here.

3.      Plaintiff and the putative class members have not suffered any cognizable injury, and lack standing on that basis to prosecute the claims alleged in the Complaint.  Plaintiff also

lacks standing to seek injunctive relief individually or on behalf of a putative class. Upon information and belief, Plaintiff also lacks standing for purposes of class certification to assert the claims alleged herein.

4.      Plaintiff and/or members of the putative class consented to receiving the telephone calls and text messages alleged in the Complaint.

5.      Lumico has no liability for the acts or omissions of other defendants.

6.      Any purported damages suffered by Plaintiff or putative class members were caused in whole or in part by the legally and factually independent actions or omissions of third parties for which Lumico has no responsibility and/or as to which there was no actual, implied, or apparent authority.

7.      If the Court finds that Lumico violated the TCPA in any way (which Lumico denies), any such violation was not willful or knowing. Accordingly, Plaintiff's claim for additional damages should be denied.

8.      Upon information and belief, the claims of Plaintiff and/or members of the putative class are barred in whole or in part by the doctrines of waiver, estoppel, release, laches, unclean hands, and ratification and/or other equitable limitations.

9.      The damages sought represent an excessive ratio between penalties and compensation for actual harm because the alleged damages bear no relation to any actual monetary or tangible damages suffered by Plaintiff and/or the members of the putative classes. The statutory damages scheme set forth in the TCPA, when pursued as a class action, fails to account for the degree of reprehensibility of the defendant's conduct, promotes an unconstitutionally excessive penalty, disregards considerations of causation and fault, violates substantive and procedural due process, and is barred by the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution.

10.     By conduct, representations, and omissions, Plaintiff and the putative class have waived, relinquished, and/or abandoned any claim for relief against Lumico respecting the matters that are the subject of the Complaint.

11.     By conduct, representations, and omissions, upon which Lumico relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against Lumico.

12.     Plaintiff's claims are barred by the doctrine of good faith.

13.     Plaintiff's claims are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

14.     Plaintiff has failed to join necessary and indispensable parties in this action.

**15.**     Lumico currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Lumico reserves its right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

## **PRAYER FOR RELIEF**

Wherefore, Lumico prays for judgment as follows:

1.  That Plaintiff take nothing by way of his Complaint;

2.  That judgment be entered in favor of Lumico;

3.  For attorneys' fees or costs of suit incurred herein; and

4.  For such other and further relief as the Court deems just and proper.

Date:  September 30, 2019

Respectfully submitted,

Lumico Life Insurance Company

*s/ Lewis S. Wiener*
Lewis S. Wiener (#2156933)
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
Telephone: 202-383-0140
Facsimile: 202-637-3593
Email: lewiswiener@eversheds-sutherland.com

Francis X. Nolan (#4711628)
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of the Americas, 40th Floor
New York, New York 10036-7703
Telephone: 212-389-5083
Facsimile: 212-389-5099
Email: franknolan@eversheds-sutherland.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically filed the foregoing

ANSWER OF DEFENDANT LUMICO LIFE INSURANCE COMPANY via the Court's

CM/ECF system, which will electronically serve all parties and counsel of record.


/s/ Lewis S. Wiener
Lewis S. Wiener