MEMORANDUM   ENDORSEMENT

<u>Shelton v. Lumico Life Insurance Company et al.</u>, 19 cv 6494 (NSR)

The Court is in possession of Defendant Assurance IQ, Inc.'s ("Assurance") pre-motion letter, dated September 12, 2019 (attached hereto), seeking leave to file the following motions: (1) motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Pennsylvania and dismiss claims of non-Pennsylvania residents; (2) a motion to strike the class definitions and allegations; (3) a motion to dismiss claims related to an alleged failure to identify; and (4) a motion to stay the case pending FCC rulemaking under the doctrine of primary jurisdiction. Plaintiff's letter in opposition, dated September 17, 2019, is also attached.

The Court waives the pre-motion conference requirement and grants Assurance leave to file its motions with the following briefing schedule: moving papers shall be served **not filed** May 17, 2021: Plaintiff's opposition papers shall be served **not filed** July 2, 2021; and reply papers shall be served July 19, 2021.  **All motion documents shall be filed on the reply date, July 19, 2021.**

The parties shall provide 2 hard courtesy copies of their respective motion documents to Chambers on the dates the documents are served upon their adversary. Counsel shall also provide the Court with one electronic copy of their respective motion papers as they are served.

The Court also reviewed Plaintiff's motion, dated July 28, 2020 (ECF No. 26) seeking a R. 16 conference and Defendant Lumico Life Inc. Co.'s letter in opposition, dated July 31, 2020 (ECF No. 27).   Plaintiff's application is denied and discovery is held in abeyance pending the Court's resolution of Assurance's motions.

The Clerk of the Court is respectfully requested to terminate the motion (ECF No. 26).

Dated: March 30, 2021
      White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/30/2021



**SQUIRE PATTON BOGGS**

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York 10112

O  +1 212 872 9800
F  +1 212 872 9815
squirepattonboggs.com

Larry P. Schiffer
T  +1 646 557 5194
larry.schiffer@squirepb.com

September 12, 2019

**VIA FACIMILE TO CHAMBERS**
**(914) 390-4179**

The Honorable Nelson S. Román
United States District Judge
U.S. District Court for the Southern District of New York
United States Courthouse
300 Quarropas Street
Courtroom 218
White Plains, NY 10601

Re: *Notice of Anticipated Motions and Request for Conference*
*Shelton v. Lumico Life Ins. Co., et al., CAFN 7:19-cv-6494*

Dear Judge Román:

Per Sections 3.A(ii) of the Court's Standing Order governing Individual Practices in Civil Cases, Defendant Assurance IQ, Inc. ("Assurance") gives notice that it intends to file the following motions so that the Court may set a pre-motion conference: 1) a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Pennsylvania and dismiss claims of non-Pennsylvania residents; 2) a motion to strike the class definitions and allegations; 3) a motion to dismiss claims related to an alleged failure to identify; and 4) a motion to stay the case pending FCC rulemaking under the doctrine of primary jurisdiction. Assurance's deadline to respond to the Complaint is September 13, 2019, and requests a conference at the Court's convenience after Plaintiff submits his response to this letter.

By way of background, Plaintiff filed this case under the Telephone Consumer Protection Act ("TCPA"), alleging that Assurance placed calls using an automatic telephone dialing system ("ATDS") and prerecorded voice, and sent text messages to him using an ATDS, on behalf of Defendant Lumico Life Insurance Co. without his consent. Plaintiff seeks to represent four nationwide classes. In response to the Complaint, Assurance anticipates filing the following motions, and requests a pre-motion conference regarding them. Assurance has already discussed the anticipated motions with Plaintiff's counsel.

47 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

To: Page 2 of 3          2019-09-12 17:12:44 ␣GMT␣          Squire Patton Boggs    From: Green, Rudy D.

Case 7:19-cv-06494-NSR   Document 28   Filed 03/30/21   Page 3 of 11

Squire Patton Boggs (US) LLP

VIA FACIMILE TO CHAMBERS
(914) 390-4179

The Honorable Nelson S. Román
September 12, 2019

- **Motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Pennsylvania and dismiss claims of non-Pennsylvania residents.**

  Assurance is incorporated and has its principal place of business in Washington State. Plaintiff, a resident of Pennsylvania, does not allege that Assurance engaged in any conduct that gave rise to his claim in New York. Accordingly, Assurance anticipates moving to dismiss the Complaint for lack of personal jurisdiction, as neither general nor specific jurisdiction is present over it in this Court or New York generally.

  Alternatively, Assurance anticipates requesting that the case be transferred to Plaintiff's home forum, the Eastern District of Pennsylvania, on the ground that Plaintiff received the alleged calls and text messages in that jurisdiction. Assurance, however, maintains that Plaintiff can only maintain a class of other Pennsylvania residents against Assurance, because the Eastern District of Pennsylvania would not have jurisdiction over claims of non-Pennsylvania residents.

- **Motion to strike the class definitions and allegations.**

  In this motion, Assurance anticipates moving to strike the class definitions and allegations because they are, by definition, overbroad and lack commonality because they do not account for individuals who provided consent to be called.

- **Motion to dismiss claims related to an alleged failure to identify.**

  Plaintiff alleges that Assurance placed calls and left messages that failed to identify the caller, and seeks to certify a subclass on this basis. Assurance anticipates filing a motion to dismiss on the ground that there is no private right of action for this claim.

- **Motion to stay the case pending FCC rulemaking under the doctrine of primary jurisdiction.**

  The FCC is currently undergoing rulemaking related to the definition of an ATDS, reasonable consent, and the definition of a pre-recorded voice call, all of which are significant issues in this case. Assurance therefore anticipates filing a motion to stay the case pending FCC rulemaking, under the doctrine of primary jurisdiction.

2

To: Page 3 of 3 2019-09-12 11:43:28 MT Squire Patton Boggs From: Green, Rudy D.

Case 7:19-cv-06494-NSR Document 28 Filed 03/30/21 Page 4 of 11

Squire Patton Boggs (US) LLP

**VIA FACIMILE TO CHAMBERS**
(914) 390-4179

The Honorable Nelson S. Román
September 12, 2019

Sincerely,

Squire Patton Boggs (US) LLP

Larry P. Schiffer

cc: Keith Keogh via email
Anthony Paronich via email
Lewis S. Wiener via email
Daniel Delnero via email
Paul C. Besozzi via email
M. Brandon Howard via email




# KEOGH LAW

September 17, 2019

**VIA FACSIMILE TO CHAMBERS**
**(914) 390-4179**

The Honorable Nelson S. Roman
United States District Judge
U.S. District Court for the Southern District of New York
United States Courthouse
300 Quarropas Street
Courtroom 218
White Plains, NY 10601

      Re: Response to Notice of Anticipated Motions and Request for Conference
      *Shelton v. Lumico Life Ins. Co., et. al.*, Civil Action No. 7:19-cv-6494

Dear Judge Roman:

Per Section 3.A(ii) of this Court's Standing Order governing the Individual Practices in Civil Cases, Plaintiff James Everett Shelton provides his response to Assurance IQ, Inc.'s notice of its anticipated motions.

The Plaintiff has filed this putative class action alleging that Lumico, a New York based company engaged in a robo calling campaign of pre-recorded telemarketing call to the Plaintiff as well as text messages sent using an automatic telephone dialing system that were made to promote Lumico's insurance services. Plaintiff also sued co-defendant Assurance as Lumico hired it to make the robocalls.

In this case, the Plaintiff is enforcing the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of automated and prerecorded telephone calls, which, Congress found, were rightly regarded as in invasion of privacy. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff seeks to represent three putative classes of recipients of these illegal calls.

The Plaintiff addresses each of Assurance's anticipated motions below.

1. **Motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Pennsylvania and dismiss claims of non-Pennsylvania residents.**

Keogh Law, Ltd. 55 W. Monroe St., Ste.3390  Chicago, IL 60603  312.726.1092 (Main)/l 312.726.1093 (Fax)  keoghlaw.com

# KEOGH LAW

September 17, 2019

    The proposed motion has no merit because Plaintiff alleges substantial conduct that ties these claims to this district. Primarily, the Plaintiff alleges that Lumico resides in this district with its principal place of business at 175 King Street, Armonk, NY 10504, that Lumico engaged Assurance to initiate the telemarketing calls at issue, and that the telemarketing was directed by Lumico from this district. Moreover, the Plaintiff alleges that Assurance engaged in nationwide telemarketing, which would include this district. Further, Assurance is a Washington corporation with its principal place of business in Bellevue, Washington. Transferring the case where neither Defendant resides would not be well taken.

    Assurance's alternative claim that a court would not have personal jurisdiction over Assurance as to the claims of out-of-state class members is equally without merit. The Court has personal jurisdiction over the nationwide putative classes' claims because the existence of personal jurisdiction over a defendant with regard to a nationwide putative class in a federal court class action is based exclusively on the existence of personal jurisdiction over the defendant in connection with the named plaintiff's claims. *See Mason v. Lumber Liquidators, Inc.*, 2019 U.S. Dist. LEXIS 141026, *21-22 (E.D. N.Y. 2019)

**2. Motion to strike the class definitions and allegations.**

    Assurance's solicitation of customers across the country through a "cold call" telemarketing campaign on behalf of New York based Lumico is common to the putative classes' members and does not require individual inquiries to determine consent. Notwithstanding, Assurance seeks to avoid discovery and short circuit this litigation by arguing that Plaintiff and the Court should simply take Defendant's word that no class can possibly be certified in this case because consent is going to be an individualized issue. Plaintiff expects that like many telemarketing claims, the evidence obtained in the discovery process will show that consent is a common issue for the class that can be resolved by reference to classwide evidence. *See e.g., Braver v. Northstar Alarm Servs., LLC,* 329 F.R.D. 320, 332 (W.D. Okla. 2018) ("consent may be a common question in cases, such as this one, in which evidence shows defendants had no prior relationship with class members and that defendants purchased their telephone numbers from a third party.") As such, the early motion to strike class allegations has no merit.

**3. Motion to dismiss claims related to an alleged failure to identify.**


# KEOGH LAW

September 17, 2019

Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including specifically 47 CFR § 64.1200(d), which includes the failure of a party to identify itself. *See, e.g., Charvat v. NMP, LLC*, 656 F.3d 440, 443-44 (6th Cir. 2011) Thus, the premise of the proposed motion is mistaken.

**4. Motion to Stay the case Pending FCC rulemaking under the doctrine of primary jurisdiction.**

The anticipated motion lacks merit for at least two reasons. First, the primary jurisdiction doctrine does not apply because there is no possibility that a ruling from the FCC regarding the definition of an ATDS or pre-recorded voice will be outcome determinative of this case. Plaintiff asserts an independent claim under a separate provision of the TCPA (the Do Not Call registry provisions in 47 U.S.C. § 227(c)) that does not turn in any way on these issues. Second, the requested stay will result in an indefinite and unconscionable delay. A decision by the FCC could be years away and will likely be appealed, just as it took years for the 2015 Order to be promulgated and another three years for the appeal, which vacated the ATDS definition in the 2015 Order. *See ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018).

Sincerely,

Timothy J. Sostrin
Keogh Law, Ltd.

cc. Keith Keogh via email
Anthony Paronich via email
Larry P. Schiffer via email
Lewis S. Wiener via email
Daniel Delnero via email
Paul C. Besozzi via email
M. Brandon Howard via email

Keogh Law, Ltd. 55 W. Monroe St., Ste. 3390 Chicago, IL 60603  312.726.1092 (Main)/I 312.726.1093 (Fax)  keoghlaw.com

**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

JAMES EVERETT SHELTON

         Plaintiff,

 -against-            7:19-cv-06494-NSR

LUMICO LIFE INSURANCE COMPANY,

and ASSURANCE IQ, INC.
         Defendants.

**PLAINTIFF'S REQUEST FOR A FED. R. CIV. P. 16 CONFERENCE**

 COMES NOW the plaintiff James Everett Shelton ("Plaintiff"), by and through his undersigned attorney, and request that the Court set a Fed. R. Civ. P. 16 conference regarding this lawsuit. The Plaintiff is submitting this request pursuant to this Court's Emergency Individual Rules and Practices in Light of COVID-19[1].

 In further support, the Plaintiff states:

 1. This proposed class action alleges that Assurance IQ, Inc. ("Assurance") initiated pre-recorded and automated telemarketing calls to the Plaintiff to promote Lumico Life Insurance Company's ("Lumico") insurance services. The Plaintiff is enforcing the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and seeks to represent three putative classes of recipients of the calls.

 2. This matter was filed in this Court on July 12, 2019. ECF No. 1.

 3. Lumico filed an Answer to the Complaint on September 30, 2019. ECF No. 22.

 4. Assurance appeared on September 25, 2019. ECF No. 20.

 5. Shortly thereafter, per Section 3.A(i) of this Court's Standing Order governing the Individual Practices in Civil Cases, Assurance wrote to the Court regarding its anticipated motions to dismiss, strike and/or stay this matter.

---

[1] Available at:
https://nysd.uscourts.gov/sites/default/files/practice_documents/NSR%20Roman%20COVID-19%20Emergency%20Rules%20and%20Practices.pdf.

6. In November 2019, per Section 3.A(i) of this Court's Standing Order governing the Individual Practices in Civil Cases and Local Civil Rule 37.2, the Plaintiff wrote the Court requesting a discovery meeting concerning the parties' obligations to participate in a Fed. R. Civ. P. 26(f) conference, which had not yet occurred.

7. There has been no action taken by the Court on either of the letters from Assurance or the Plaintiff.

8. The parties have still not conducted a Fed. R. Civ. P. 26(f) conference.

9. Prior to the filing of this request, counsel for the Plaintiff conferred with counsel for both parties, who did not agree to the requested relief.

WHEREFORE, the Plaintiff requests that the Court set a Rule 16 conference for this matter.

Plaintiff by his attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Keith Keogh
Timothy Sostrin
Keogh Law, Ltd
55 W. Monroe St., Suite 3390
Chicago, IL 60603
(312)-726-1092
tsostrin@keoghlaw.com

Dated: July 28, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

**EVERSHEDS SUTHERLAND**

Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980

D: +1 202.383.0140
F: +1 202.637.3593

lewiswiener@
eversheds-sutherland.com

July 31, 2020

**Via Email: ROMANNYSDChambers@nysd.courts.gov**
The Honorable Nelson S. Roman
United States District Judge
U.S. District Court for the
Southern District of New York
United States Courthouse
300 Quarropas Street
Courtroom 218
White Plains, NY 10601

Re: *Shelton v. Lumico Life Ins. Co., et al.*, Civil Action No. 7:19-cv-6494

Dear Judge Roman:

I write on behalf of Defendant Lumico Life Insurance Company ("Lumico") in response to Plaintiff's filing of July 28, 2020, in which he requests that the Court set a Rule 16 conference. Dkt. 26.

By requesting a Rule 16 conference, Plaintiff is, for the second time, attempting to trigger discovery before all Defendants have answered or otherwise responded to the Complaint. Plaintiff made a similar attempt in his letter of November 22, 2019, to which Defendants responded on December 6, 2019. Plaintiff's most recent request and his request of November 22, 2019, are both untimely.

Rule 26(f) requires the parties to confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Were the Court to set a scheduling conference, therefore, discovery would be triggered.

This is problematic because pending before the court is Defendant Assurance IQ, Inc.'s September 12, 2019 letter regarding a proposed motion to dismiss. Until such time as the court resolves the issues raised in that letter and potential subsequent motion, and all parties have answered or otherwise responded to the Complaint, Plaintiff's request for a conference should be denied. *See* Indiv. Prac. Rule 3(A)(ii) ("If a pre-motion conference is requested in connection with a proposed motion to dismiss, the request will stay the deadline for the requesting party to move or answer, and a new deadline will be set at the conference.").

Defendants are under no obligation to participate in premature discovery, and Plaintiff provides no basis, in his submission of July 28, 2020, or in his letter of November 22, 2019, to require premature discovery.

For these reasons, Lumico respectfully requests that the Court deny Plaintiff's request for a Rule 16 conference.

Respectfully submitted,

**Lewis S. Wiener**
Eversheds Sutherland (US) LLP

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

Case 7-19-cv-06494-NSR Document 28 Filed 03/30/21 Page 1 of 1
Case 7:19-cv-06494-NSR Document 27 Filed in NYSD on 07/31/2020 Page 2 of 2

The Honorable Nelson S. Roman
July 31, 2020
Page 2

EVERSHEDS
SUTHERLAND

cc:   Counsel of Record via e-mail